# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSEPH B. SKAGGS,

      Plaintiff,

vs.                                       No. CV 17-00025 KG/KRS

JUDGE MARK SANCHEZ, DISTRICT
ATTORNEY ERIC SCRAMLIN, DEFENDANTS
ATTORNEY BRYON COLLOPY, DET. DAVID
MIRANDA, DET. JOE CLARK,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Joseph B. Skaggs on January 6, 2017 (Doc. 1). Also before the Court is Plaintiff Skaggs' letter motion for appointment of counsel (Doc. 6). The Court will deny the letter motion as moot and dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted.

Plaintiff Skaggs is proceeding pro se and *in forma pauperis*. (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,*

935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Skaggs brings civil rights claims against several judicial and law enforcement Defendants under 42 U.S.C. § 1983 arising out of his criminal conviction in New Mexico state court. (Doc. 1 at 1-4). Plaintiff was convicted of Trafficking a Controlled Substance and Felon in Possession of a Firearm in State of New Mexico, County of Lea, Fifth Judicial District cause no. D-506-CR-2013-75. (Doc. 1 at 25-26). Plaintiff requests that his criminal charges in state court be overturned, that all wrongdoers be held accountable and charged to the fullest extent of the law, and that he be awarded lost wages and damages for the period of his incarceration. (Doc. 1 at 5). Plaintiff's claims against all Defendants fail to state a claim upon which relief can be granted.

First, Plaintiff Skaggs names Judge Mark Sanchez as a Defendant. (Doc. 1 at 1). Plaintiff's civil rights claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of*

*Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006). The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

The only allegations against Judge Sanchez are that he "gave me a guilty plea without due process." (Doc. 1 at 2). Skaggs seeks to recover damages against Judge Sanchez for acts that were unquestionably made in the exercise of judicial discretion. Any claims against Judge Sanchez are barred by absolute judicial immunity. *Guttman,* 446 F.3d at 1033.

Plaintiff also names Eric Scramlin, in his capacity as District Attorney, as a Defendant. (Doc. 1 at 1-2). Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Skaggs similarly makes no

factual allegations against Defendant Scramlin other than that he "gave me a guilty plea without due-process and other violations." (Doc. 1 at 2). Therefore, Skaggs makes no allegations of conduct that is outside the performance of prosecutorial functions and the claims against Defendant Scramlin will also be dismissed.

Plaintiff Skaggs further seeks to proceed against Public Defender Bryon Collopy. (Doc. 1 at 2). Section 1983 states:

> "Every person who, **under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,** subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. Plaintiff's allegations against Defendant Collopy relate to his representation of Defendant in the criminal proceedings and the claims against Defendant Collopy fail to state any claim for relief under § 1983. *See* Doc. 1 at 2; *Polk,* 454 U.S. at 325.

Last, in addition to Defendants Sanchez, Scramlin, and Collopy, Skaggs names Det. David Miranda and Det. Joe Clark as Defendants. The claims against Detectives Miranda and Clark arise out of their testimony at Plaintiff's state criminal trial. (Doc. 1 at 4). Even if Plaintiff were not precluded from proceeding against Defendants Sanchez, Scramlin, and Collopy, all of his claims against those Defendants, as well as Defendants Miranda and Clark, are barred by the *Heck* doctrine.

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Plaintiff's Request for Relief specifically requests that his State criminal conviction be overturned. (Doc. 1 at 5). Plaintiff Skaggs has been convicted and sentenced in State of New Mexico cause no. D-506-CR-2013-75. Because a favorable ruling on Plaintiff's claims would require treating his criminal prosecution in Fifth Judicial District cause no. D-506-CR-2013-75. as invalid, all of the civil rights claims in his Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against Defendants for violation of 42 U.S.C. § 1983 are barred by *Heck* and, therefore, fail to state a claim on which relief can be granted.

The Court will dismiss all of Plaintiff's claims in this case without leave to amend. The Court determines that any amendment of Plaintiff's Complaint would still be barred under the *Heck* doctrine and would be subject to immediate dismissal. Therefore, granting of leave to amend the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109; *Bradley v. Val-Mejias,* 379 F.3d at 901.

IT IS ORDERED that Plaintiff Joseph B. Skaggs' letter motion for appointment of counsel (Doc. 6) is **DENIED** as moot in light of the dismissal of Plaintiff's claims, and the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Joseph B. Skaggs on January 6, 2017 (Doc. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

                                                       *[signature]*
                                                       UNITED STATES DISTRICT JUDGE